UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————————-X
HAROLD DOWNER,

                            Plaintiff,

                                     *AMENDED* COMPLAINT

—Against—                                     *JURY TRIAL*
                                                 *DEMANDED*

CITY OF NEW YORK;
AUREL HOXHA, *individually*;
and ALAN CHAO, *individually*,

                             Defendants
———————————————————————————X

Plaintiff, HAROLD DOWNER, by his attorneys, Law Offices of Ambrose Wotorson, for his Complaint, alleges as follows:

## I.    INTRODUCTION

1. Plaintiff, HAROLD DOWNER, was arrested and jailed on or about December 16, 2017, and subsequently prosecuted for Criminal Nuisance in the Second Degree.

2. On or about January 2, 2018, the aforementioned prosecution terminated in Plaintiff's favor as defendants did not have probable cause to arrest Plaintiff in the first place, nor or did they have any basis to maintain a criminal prosecution against Plaintiff.

1

3. Plaintiff therefore contends that defendants, acting under color of state law, and pursuant to the practices, policies and customs of the City of New York and its Police Department, New York City Police Department, falsely arrested and imprisoned him without probable cause, maliciously prosecuted him, maliciously abused process against him

## II.   JURISDICTION

4. This Court has jurisdiction over this matter under under 42 U.S.C. Section 1983. Venue is proper because the acts complained of occurred in this Judicial District.

## III.   PARTIES

5. Plaintiff, HAROLD DOWNER, at all relevant times, was a resident of Kings County, New York, when, on or about December 16, 2017, he was falsely arrested and jailed for 24 hours, without probable cause, and was subsequently prosecuted for Criminal Mischief in the Second Degree.

6. Defendant(s), City of New York and its Police Department, New York City Police Department, were, at all relevant times, state actors acting pursuant to its own practices, policies and customs in falsely arresting and jailing Plaintiff without probable cause and maintaining a baseless prosecution against Plaintiff for Criminal Mischief in the Second Degree.

7. Defendants, AUREL HOXHA and ALAN CHAO, police officers, were, at all relevant times, employed with defendants City of New York and its Police Department, New York City Police Department.

8. Defendants participated in and/or caused the false arrest and jailing of Plaintiff on or about December 16, 2017 without probable cause, and were acting under color of state law and pursuant to the practices, policies and customs of the City of New York and its police department when they did so.

9. Indeed, AUREL HOXHA, acting color of state law, arrested Plaintiff on December 16, 2017.

10. ALAN CHAO, acting under color of state law, assisted in the arrest of Plaintiff on December 16, 2017, and falsely claimed that Plaintiff told him that he was the *owner* of the "bar and/or Nightclub" where Plaintiff was arrested.

11. Defendants, acting under color of state law, also caused Plaintiff to be maliciously prosecuted for Criminal Mischief in the Second Degree, and to be subjected to Malicious Abuse of Process in order to achieve an illegitimate collateral objective once process had issued against Plaintiff.

IV. **FACTUAL AVERMENTS**

12. Plaintiff re-alleges paragraphs 1 - 11 as fully-stated above.

13. On or about December 16, 2017, Plaintiff was arrested and imprisoned by defendants in Kings County, New York.

14. Plaintiff was not engaged in any activity at the time of his arrest that would have reasonably raised any suspicion that Plaintiff was engaged in Criminal Mischief in the Second Degree, or that he was engaged in any other criminal activity.

15. Further, Plaintiff, a licensed security guard and manager, was not in possession any marijuana at the time of his arrest, nor was he ever observed by any of the defendants to be engaged in acts of Criminal Mischief in the Second Degree or any other criminal acts that allowed defendants to arrest and to imprison Plaintiff on December 16, 2017.

16. However, defendants in reckless disregard for the truth, recorded in police documentation and in an accusatory instrument, that Plaintiff, a licensed security guard and manager, knowingly maintained a "bar and/or nightclub," where he was an employee, for the specific purpose of engaging in "unlawful conduct".

17. Upon information and belief, defendants were aware that the alleged "bar and nightclub" where Plaintiff employed as a security guard and manager, employed a staff of several other licensed security guards.

18. Upon information and belief, defendants were aware or reasonably should have been aware, that the alleged "bar and/or nightclub" where Plaintiff was employed as a security guard and manager, had a staff to search patrons who sought admission to the establishment for a fee.

19. Upon information and belief, defendants were aware or reasonably should have been aware, that the alleged "bar and/or nightclub" where Plaintiff was employed as a security guard and manager, had a practice and policy of denying entry to any individuals who possessed marijuana.

20. Upon information and belief, defendants were aware or reasonably should have been aware, that the alleged "bar and/or nightclub" where Plaintiff was employed as a security guard and manager, had signs throughout its interior stating that smoking was disallowed.

21. Upon information and belief, defendants were aware or reasonably should have been aware, that the alleged "bar and/or nightclub" where Plaintiff was employed as a security guard and manager, had a security staff that regularly patrolled the location to ensure that no smoking was occurring.

22. While defendants claimed to have smelled marijuana, they did not observe Plaintiff, any staff member or any patrons smoking cigarettes or marijuana on December 16, 2017.

23. Defendants claimed only to have recovered "crushed cigarettes" and baggies containing marijuana "residue".

24. Defendants knew or reasonably should have known, that merely smelling marijuana, and recovering baggies containing marijuana residue, is an insufficient basis upon which to arrest a security guard and/or manager employed by any a "bar and/or nightclub".

25. Further, defendants, in reckless disregard for the truth, falsely recorded in police paperwork and in an accusatory instrument, that Plaintiff, who was employed by the subject "bar and/or nightclub" as a licensed security guard and manager, told them that he was the "owner" of the "bar and/or nightclub" in question.

26. In fact, Plaintiff *did not* tell defendants that the was the owner, as he had no ownership interests whatsoever in the establishment.

27. Instead, defendants falsely arrested and imprisoned Plaintiff, maliciously prosecuted him for criminal mischief, and maliciously abused process against him, in part, to achieve a collateral objective of forcing the real owner of the establishment out of business through successive illegitimate acts of police harassment, and to drive patrons away from an establishment.

28. Moreover, defendants are not entitled to qualified immunity, as Plaintiff's right to be free of false of arrest, of false imprisonment, of malicious

prosecution and of malicious abuse of process, without probable cause, are all clearly established.

29. Here, defendants have a practice, policy and custom of arresting, jailing and criminally prosecuting employees of "bars and/or nightclubs" – instead of owners — for failing to properly maintain such premises.

30. Defendants have a practice, policy and custom of arresting, jailing and criminally prosecuting employees of "bars and/or nightclubs" – instead of owners – in order to place undue pressure on establishment owners by frightening away patrons after successive arrests, closures and illegitimate law enforcement actions.

31. Defendants have a practice, policy and custom of arresting, jailing and criminally prosecuting employees of "bars and/or nightclubs" – instead of owners – to place undue pressure own establishment owners to permanently close such establishments after patrons have been frightened away after successive illegitimate arrests, closures and law enforcement actions.

32. As well, defendants have a practice, policy and custom of arresting, jailing and criminally prosecuting employees of "bars and/or nightclubs" in order to place undue pressure own establishment owners when the managers. and patrons of similarly situated establishments are black and/or of Caribbean descent.

33. Indeed, Plaintiffs have engaged in identical actions against numerous other managers and/or owners who are of Caribbean descent, and *have not* engaged in similar actions against non-Caribbean managers and owners to the same extent

34. Yet, defendants have been deliberately indifferent to this problem, and have not taken any remedial actions, such as retraining or substantive policy changes, to correct this problem despite notice from several lawsuits and other means, of this long standing problem of selective prosecution, bias and harassment against Caribbean mangers and establishments owned and/or patronized mostly by black people of Caribbean descent.

35. Finally, the actions of AUREL HOXHA and ALAN CHAO were done with reckless indifference to Plaintiff's civil rights, thereby entitling Plaintiff to punitive damages as against AUREL HOXHA and ALAN CHAO, in their individual capacities.

V.   **CAUSES OF ACTION**

**FIRST CAUSE OF ACTION – FALSE ARREST**

36. Plaintiff re-alleges paragraphs 1 - 35 as fully-stated above.

37. By arresting Plaintiff, without probable cause, on or about December 16, 2017, all defendants acting under color of state law and pursuant to the practices, polices and customs of the City of New York and the New York

City Police Department violated the 4th Amendments of the United States Constitution as made actionable by 42 U.S.C. Section 1983.

### SECOND CAUSE OF ACTION – FALSE IMPRISONMENT

38. Plaintiff re-alleges paragraphs 1 – 37 as fully-stated above.

39. By falsely jailing Plaintiff for 24 hours beginning on December 16, 2017, without probable cause, all defendants acting under color of state law and the practices, polices and customs of City of New York and the New York City Police Department violated the 4th Amendments of the United States Constitution as made actionable by 42 U.S.C. Section 1983.

### THIRD CAUSE OF ACTION – MALICIOUS PROSECUTION

40. Plaintiff re-alleges paragraphs 1 - 39 as fully-stated above.

41. By maliciously prosecuting Plaintiff, without probable cause, based upon false accusatory instrument, all defendants acting under color of state law, and pursuant to the practices, polices and customs of City of New York and the New York City Police Department violated of the 5th and 14th Amendments of the United States Constitution as made actionable by 42 U.S.C. Section 1983.

### FOURTH CAUSE OF ACTION – MALICIOUS ABUSE OF PROCESS

42. Plaintiff re-alleges paragraphs 1 - 41 as fully-stated above.

43. By maliciously abusing process against Plaintiff, after it was issued, in order to achieve an illegitimate collateral objective of forcing the Plaintiff's employer out of business, all defendants acting under color of state law, and pursuant to the practices, polices and customs of City of New York and the New York City Police Department violated of the 5th and 14th Amendments of the United States Constitution as made actionable by 42 U.S.C. Section 1983.

WHEREFORE, Plaintiff prays that this Court grant judgment to him/her containing the following relief:

    a. An impaneled jury;

    b. An award of damages for humiliation, mental pain and suffering associated with Plaintiff's false arrest, false imprisonments, malicious prosecution and stigmatization.

    c. The costs of this action and Plaintiff's reasonable attorney's fees to the fullest extent permitted by law; and

    d. Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
December 23, 2019

                            Respectfully Submitted,
                            ***Ambrose W. Wotorson, Jr., Esq.***
                            Law Offices of Ambrose Wotorson
                            225 Broadway, 41st Floor
                            New York, New York 10007
                            212-884-5985
                            609-598-0567 (Cellular)
                            Loaww1650@aol.com